No. 23-1119(L)

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

ELIZABETH SINES, et al.,
*Plaintiffs - Appellees*,

TYLER MAGILL; HANNAH PEARCE,
*Plaintiffs*,

v.

MICHAEL HILL; MICHAEL TUBBS; LEAGUE OF THE SOUTH,
*Defendants - Appellants*,

JASON KESSLER, et al.,
*Defendants*.

On Appeal from the United States District Court
for the Western District of Virginia
No. 3:17-cv-00072; Hon. Norman K. Moon

REPLY/RESPONSE BRIEF OF
DEFENDANTS-APPELLANTS/CROSS-APPELLEES

James E. Kolenich
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
JEK318@gmail.com
*Counsel for Defendant /*
*Appellant, Nathan Damigo*

Bryan Jones, VSB #87675
Bryan J. Jones, LLC
106 W. South Street, Suite 201
Charlottesville, VA 22902
Tel: (434) 260-7899
Fax: (434) 381-4397
bryan@bjoneslegal.com
*Counsel for Appellants, Michael*
*Hill, Michael Tubbs, League*

*of the South*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................i

TABLE OF AUTHORITIES ........................................................ii

REPLY/RESPONSE BRIEF OF APPELLANTS/CROSS
APPELLEES ............................................................................ 1

    INTRODUCTION ................................................................ 1

    ARGUMENT ......................................................................... 2

    CONCLUSION ................................................................... 10

ATTORNEY SIGNATURE ...................................................... 12

CERTIFICATE OF COMPLIANCE ......................................... 13

CERTIFICATE OF SERVICE ................................................. 14

CERTIFICATE OF SERVICE ADDITIONAL PARTICIPANTS .......... 15

# TABLE OF AUTHORITIES

Page

**Cases:**

Al-Abood v. Elshamari, 217 F.3d 225, 237 (4th Cir. 2000.) .................. 3

*Bouton v. Bmw of N. Am.*
   29 F.3d 103 (3d Cir. 1994) .................................................. 2

Bray v. Brown 258 Va. 618, 621 (1999.) ................................. 3

*Burnham v. West*
   681 F.Supp. 1169 (E.D Virginia 1988) .............................. 2

Caspary v. Louisiana Land and Exploration Co., 707 F.2d 785,
   788 n.5 (4th Cir. 1983). ................................................. 5

Cawlo v. Rose Hill Reserve Homeowners Ass'n 106 Va. Cir.
   235, 245 (2020.) ........................................................... 6

Cox v. Geary, Va. 141, 151, 624 S.E.2d 16, 22 (2006). ......................... 9

Foster v. Wintergreen Real Estate Co. 81 Va. Cir. 353, 363-64
   (2010.) ........................................................................ 3

Huffman v. Beverly Cal. Corp., 42 Va. Cir. 205, 211 (1997) ............. 3, 7

*Jaffe-Spindler Co. v. Genesco, Inc.*
   747 F.2d 253 (4th Cir. 1984) .......................................... 5

Lahey v. Johnson 283 Va. 225, 230 (2012). .......................... 3

Manning v. Caldwell, 930 F.3d 264, 271 (4th Cir. 2019). .................... 7

**Statutes:**

Rules of Decision Act 28 USCS § 1652 ................................. 2

VA. CODE § 8.01-267.1 et seq. ....................................... 5, 6

Va. Code Ann. § 8.01-38.1 ............................................ 1, 3

## REPLY/RESPONSE BRIEF OF APPELLANTS/CROSS APPELLEES

## INTRODUCTION

Virginia's statutory punitive damages cap, Va. Code Ann. § 8.01-38.1, is not ambiguous nor does it allow each plaintiff to have an individual punitive damages cap. It is nothing short of incredible that Appellees[1] here argue that the "per action" cap that is explicitly commanded by state law would violate the legislative intent of the very same Legislature that passed the punitive damages cap.

Even if this Court accepts the amici law professors' argument that, in the nomenclature of Virginia law, "action" does not mean case number but rather claim, that still would not amount to a "per-plaintiff" punitive damage cap as Virginia law has long permitted joinder of sufficiently similar claims into a single action. Further, "action", in the singular tense, is exactly how Virginia law refers to a case with multiple joined claims and parties. And on the facts of this case, it should still only amount to a single cap for the entire lawsuit, as the District Court correctly found.

---

[1]    Appellees/Cross-Appellants were Plaintiffs below and are referred to as "Appellees" herein.

Appellants[2] did not waive or forfeit their argument as to joint and several liability, and even if they did, this Court should still consider their argument as it presents a purely legal issue, does not require any additional fact-finding, and the present record is fully developed and readily permits evaluation.

Appellants do not deny that conspiracy law allows for the spreading of liability beyond defendants who directly cause compensable harm. Appellants, rather, rely on the jury instructions given by the District Court as well as Virginia law regarding separate damages claims and the necessary and unavoidable legal effect of the jury's award of nominal compensatory damages for the state law conspiracy.

## **ARGUMENT**

### *Virginia's Punitive Damages Cap*

Federal courts exercising supplemental jurisdiction are ordinarily required to apply state substantive law to state law claims. Rules of Decision Act 28 USCS § 1652; Bouton v. Bmw of N. Am., 29 F. 3d 103, 110 (3d Cir. 1994); *Burnham v. West*, 681 F.Supp. 1169, 1170–71 (E.D Virginia 1988) (acknowledging Rules of Decision Act requires applying

---

[2]   Appellants/Cross-Appellees were defendants below and are referred to as "Appellants" herein.

state law when Federal court has supplemental jurisdiction over state law claims.) The parties hereto do not dispute that Virginia law applies to and controls the punitive damages issue.

In Virginia "When the legislature has spoken plainly it is not the function of courts to change or amend its enactments under the guise of construing them. The province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." Lahey v. Johnson 283 Va. 225, 230 (2012).

"The provisions of § 8.01-38.1 of the Code of Virginia are clear and explicit...." Huffman v. Beverly Cal. Corp., 42 Va. Cir. 205, 211 (1997) Courts in Virginia apply the plain meaning of an unambiguous statute. Bray v. Brown 258 Va. 618, 621 (1999.)

At least two courts have examined the Virginia punitive damages cap in detail and both concluded that the statute was not ambiguous and applied a single $350,000 cap to "the action as a whole" or to "the entire lawsuit." See Al-Abood v. Elshamari, 217 F.3d 225, 237 (4th Cir. 2000.) and Foster v. Wintergreen Real Estate Co. 81 Va. Cir. 353, 363-64 (2010.) Appellants admit, however, that neither Al-Abood nor Foster explicitly dealt with the "per plaintiff" issue raised by Appellees here.

Nevertheless, no Court has ever found that the statute was ambiguous. Therefore Virginia law prohibits judicial "construing" of the statute and the damages cap must be applied as plainly written. As written there is no wiggle room in the statute whatsoever. It applies,

explicitly, to "any action" and limits "the **total amount awarded** for punitive damages against all defendants". The statute further commands that "in **no event** shall the **total amount awarded** for punitive damages exceed $350,000." (emphasis added.)

If Appellees' argument held any water at all the statute should read "the total amount awarded to each plaintiff shall not exceed" but that is definitely not what the statute says. To even begin to engage in judicially "construing" the Virginia statute the Court must first find some ambiguity. But the Appellees' weak effort to demonstrate ambiguity is merely them talking their own book.

For instance, Appellees do not explain how their extra special case or their surfeit of party plaintiffs are not covered by the statutory command "in no event". They further do not explain how their "per plaintiff" rule would work in mass tort or class action cases. Or a bus or airplane crash.

Perhaps Appellees' lengthy recitation of the underlying racial verbiage is meant to signal that this Court should limit their "per plaintiff" proposal to "racist" tortfeasors only? But if that is so won't that open up whole new punitive damage exception opportunities every time a University gets sued over its affirmative action or diversity efforts?

Appellants are, of course, only "spitballing" here. The plaintiff's bar however will, no doubt, come up with many, many more ways to apply a

damages cap that is subject to exceptions. And that would be the only truly "absurd" result that could be achieved if Appellees' proposal is accepted by this Court.

As to the Appellees' observation that, if they don't get their "per plaintiff" way, future actions will be filed as a series of individual claims, it ignores the fact that Virginia law allows for joinder of such claims VA. CODE § 8.01-267.1 et seq.[3]

Appellees also go on at some length about the "mischief rule" of statutory construction. But they have signally failed to explain how their "per plaintiff" rule protects insurance companies or will keep policy premiums under control with a watered-down "per plaintiff" damages cap. If the purpose of the statute really is to protect insurance companies and therefore keep premiums down increasing the amount of punitive damages available in an "action" seems a strange way of going about it.[4]

As a final observation, if this Court did see any "ambiguity" in the Virginia punitive damages statute then the District Court's Order would be entitled to "substantial deference" in the 4th Circuit. *Jaffe-Spindler Co. v. Genesco, Inc.*, 747 F.2d 253, 257 n.5 (4th Cir. 1984)citing Caspary v. Louisiana Land and Exploration Co., 707 F.2d 785, 788 n.5 (4th Cir. 1983).

---

[3]   On motion of "any party" Va. Code 8.01-267.4 (A)

[4]   Admittedly, insurance coverage is not part of the record on appeal.

*Response to Amici Law Professors*

Amici law professors have provided an interesting survey of Virginia civil procedure and the significance of the phrase "any action." However, their argument ultimately fails.

The Virginia Multiple Claimant Litigation Act. VA. CODE § 8.01-267.1 et seq. provides that "Six or more parties may be joined initially as plaintiffs in **a single action** if their claims involve common issues of fact and arise out of the same transaction or occurrence **or the same series of transactions or occurrences**." VA. CODE § 8.01-267.5. (emphasis added).

The Multiple Claimant Act copies the language of the punitive damages cap as to the word "action". Thus, per the clear and unambiguous language of Virginia law, multiple parties and claims can be joined into a singular "action".

Moreover, even if the parties were improperly "misjoined", Virginia law allows that defect to be waived. Cawlo v. Rose Hill Reserve Homeowners Ass'n 106 Va. Cir. 235, 245 (2020.) Here, no party objected to the joinder and so any defect or objection was waived.

Accordingly, under Virginia law, the instant lawsuit was a single "action" and must be treated as such for purposes of the punitive damages cap.

*Response to Amici Civil Rights Organizations*

The civil rights organizations' brief is merely an elongated way of claiming their work against "hate groups like [the] Defendants" (Doc. 92-2 p. 8 at footnote 7) will be more difficult or less effective if they cannot obtain outsized punitive damage awards.

The amici do not explain why significant compensatory damages and attorney fee awards would be ineffective nor do they provide any case law stating that civil rights groups are not subject to laws regarding damages caps.

In any event, their argument that their cases are special and so entitled to special treatment has already been considered and rejected by at least one Virginia Court. Huffman v. Beverly Cal. Corp., 42 Va. Cir. 205, 211-12 (Cir. Ct. 1997)

*Joint and Several Liability*

Appellants did not waive their argument as to joint and several liability. Appellant Damigo specifically made the joint and several liability argument in post-trial briefing (1 JA 139, ECF 1593 at p. 4).

In the alternative, even if the argument was waived this Court should still consider it. "The normal rule ..... is that failure to raise an issue for review in the prescribed manner constitutes a waiver. But the rule is not an absolute one and review may proceed (even completely sua sponte) when the equities require." Manning v. Caldwell, 930 F.3d

264, 271 (4th Cir. 2019). Moreover the issue is a purely legal one that is fully contained in the record on appeal and therefore "readily permits evaluation" by this court. Id. at 272.

As for the substance of the argument, Appellants rely on the argument as stated in their Opening Brief but will emphasize the following points: The Appellants specifically deny that the jury was instructed that Counts IV, V, and VI were predicate acts of the conspiracy. As stated in the Opening Brief the jury was manifestly and obviously not so instructed and Virginia law regarding nominal damages specifically disallows any such finding.

No matter how many pages and how much verbiage the Appellees attempt to bury it under, Virginia law does not allow both nominal and other than nominal damages to be awarded for the same "single" injury. Nor have Appellees presented any case that holds the mere act of conspiring, without proving damages from the conspiracy, is itself compensable. Therefore, the nominal damages awarded on the Count III civil conspiracy had to be, as a matter of law, for damages that flowed from the conspiracy, including all its predicate acts or acts in furtherance of. The Appellees have not, and can not, provided any case which holds that plaintiffs are entitled to compensation for damages caused by the conspiracy and also a separate set of damages for each individual predicate act or act in furtherance.

Moreover, Virginia law holds that "[a litigant's] wrongful incarceration was a **single indivisible injury** caused by both the Commonwealth and the defense attorney [negligence], notwithstanding the fact that the two forms of relief he sought from the respective parties were different, **where [the litigant] did not make "any differentiation between the damages under [his claim against the Commonwealth] and the damages under his legal malpractice claim"** Cox v. Geary, Va. 141, 151, 624 S.E.2d 16, 22 (2006). (emphasis added)

Here, the Appellees very obviously did differentiate between the damages for the conspiracy and the damages the jury was told were "standalone claims". Without objection from the Appellees, the jury was given instructions and a verdict form that did not list all defendants, or any Appellant herein, as to either Count IV, V, or VI. (8 JA 4709, 4711, 4750, 4752, 4753, 4754, 4755). Yet all defendants were listed under the Count III civil conspiracy claim and its accompanying instruction specifying "all defendants" (8 JA 4706, 4749, 4750.) The jury was explicitly, and in so many words, told that Counts IV, V, and VI were "standalone" separate claims, against a specific defendant or defendants, and not the co-conspirators group from the Count III conspiracy. Therefore, those damages, as a matter of law, cannot be a

"single injury" under Virginia law, and the Appellants, therefore, cannot be held jointly and severally liable except for the Count III conspiracy damages.

Lastly, it may seem that Appellants are arguing against themselves by arguing that this case was single "action" for punitive damages purposes yet, at the same time, not sufficiently similar to justify joint and several liability. Nevertheless, as demonstrated here and in Appellants' Opening Brief, that is precisely the state of Virginia law. It is the Appellees who are making an extraordinary ask of this Court. They want the Court not only to throw a wrench into Virginia's heretofore straightforward punitive damages cap but to trample all over Virginia damages law as well.

## **<u>CONCLUSION</u>**

This Court has no just reason to disturb the District Court Order regarding Virginia's punitive damages cap. At most, if so inclined, this Court should certify the question to the Virginia Supreme Court per the <u>Virginia Constitution Art. VI § 1.</u>

Virginia law requires, for the reasons stated above and in the Appellants' Opening Brief, that this Court reverse the District Court judgment imposing joint and several liability on the Appellants and Order that they be responsible only for what the jury found them

responsible for, the Count III damages, for which they admit they are jointly and severally liable for the compensatory damages awarded for Count III injuries only.

Respectfully Submitted,

Dated: July 24, 2023                    By: /s/ James Kolenich

KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
JEK318@Gmail.com

Counsel for Nathan Damigo

## ATTORNEY SIGNATURE

Respectfully Submitted

Dated: July 24, 2023                   By: /s/ Bryan Jones

BRYAN J. JONES LLC
106 W. South St. Suite 201
Charlottesville, VA 22902
434-260-7899
bryan@bjoneslegal.com
Counsel for Michael Hill,
Michael Tubbs, and League of
the South

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **2,146 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, **14-pt Century Schoolbook**, using TypeLaw.com's legal text editor.

Dated: July 24, 2023          By: /s/ James E. Kolenich

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. All represented parties are registered CM/ECF users, and will be served by the appellate CM/ECF system.

Dated: July 24, 2023                    By: /s/ James E. Kolenich

                                        Counsel for Appellant Nathan
                                        Damigo

# CERTIFICATE OF SERVICE
# ADDITIONAL PARTICIPANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2023, I served the following via ECF:

David L. Campbell
Justin Saunders Gravatt
Duane, Hauck, Davis & Gravatt, P.C.
100 West Franklin Street, Suite 100
Richmond, VA 23220
dcampbell@dhdglaw.com
jgravatt@dhdglaw.com

*Counsel for Cross-Appellee James A. Fields, Jr.*

Joshua Smith
Smith LLC
807 Crane Avenue
Pittsburgh, PA 15216-2079
joshsmith2020@gmail.com

*Counsel for Cross-Appellees Matthew Heimbach, Matthew Parrott, and Traditionalist Worker Party*

William Edward ReBrook, IV
The ReBrook Law Office
1420 Cardinal Road
Charleston, WV 25314
edward@rebrooklaw.com
rebrooklaw@gmail.com

*Counsel for Cross-Appellees Matthew Heimbach, Matthew Parrott, Traditionalist Worker Party, National Socialist Movement, and Nationalist Front*

s/ James E. Kolenich
James E. Kolenich

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, I served the following via electronic mail:

Christopher Cantwell
christopher.cantwell@gmail.com

I further hereby certify that on April 24, 2023, I also served the following by physical mail:

Jason Kessler
6256 Bullet Dr.
Crestview, FL 32536

1100 Wythe Street, Unit 1812
Alexandria, VA 22313

Richard Spencer
734 Clearwater Drive
Whitefish, MT 59937

Vanguard America
c/o Dillon Hopper
383 Hazzard Street
Scottsburg, IN 47170

Moonbase Holdings, LLC
c/o Andrew Anglin
6827 N. High Street, Ste. 121
Worthington, OH 43085

P.O. Box 208
Worthington, OH 43085

Robert "Azzmador" Ray
22345 Cherry Lane
Frankston, TX 75763

Elliott Kline a/k/a Eli Mosley
117 Mesa Drive
Reading, PA 19608

Jeff Schoep
P.O. Box 66335
Roseville, MI 48066

22803 Rausch Avenue
Eastpointe, MI 48021

Augustus Sol Invictus
424 E. Central Blvd #156
Orlando, FL 32801

Fraternal Order of the Alt-Knights
c/o Kyle Sean Chapman
52 Lycett Circle
Daly City, CA 94015

Loyal White Knights of the Ku Klux
Klan
c/o Chris and Amanda Barker
2364 US Highway 158 E
Yanceyville, NC 27379

East Coast Knights of the Ku Klux
Klan
a/k/a East Coast Knights of the True
Invisible Empire
26 South Pine St.
Red Lion, PA 17356


/s/ James E. Kolenich
James E. Kolenich

*Counsel for Nathan Damigo*